WINANT VAN WINKLE, PETITIONER, v. EDWIN E. CAF-FREY, JUDGE OF THE BERGEN COUNTY CIRCUIT COURT, RESPONDENT.

Argued November 28, 1934—Decided November 30, 1934.

Before Justices TRENCHARD, HEHER and PERSKIE.

For the petitioner, *McDermott, Enright & Carpenter* (*James D. Carpenter, Jr.,* of counsel).

For the respondent, *Hamilton Cross.*

PER CURIAM.

This is a motion for a writ of prohibition to prohibit the Circuit Court of Bergen county from proceeding with a petition filed by William H. J. Ely pursuant to chapter 187 (*Pamph. L.* 1930, *art.* 26, *p.* 829), to contest the election of a senator in that county, in which the certificate of the county board of canvassers shows that Winant Van Winkle received six hundred and forty-six more votes than his opponent, William H. J. Ely.

Now at the outset it is well to fully recognize the fact that our state constitution provides in paragraph 2 of section 4, of article 4, that "each house [senate and general assembly] shall be the judge of the elections, returns and qualifications of its own members."

Therefore it is undoubtedly true, as stated by Chief Justice Depue in *Kearns* v. *Edwards,* 17 *N. J. L. J.* 51, that "the constitution having conferred upon the legislative department the power to judge—that is *judicially determine* —it would not be competent for the legislature to confer that authority on the judicial department of government." Again in *Ruh* v. *Frambach,* 47 *N. J. L.* 85, the Supreme Court said: "The legislature have the power to determine the source from which the certificate of elections shall issue, but the house of assembly being by the constitution the judge of election of its own members, can go behind the certificate whether issued by a board of canvassers or by order of a justice of the Supreme Court, and *finally* decide who is entitled to the seat. * * * The legislature could not invest a justice of the Supreme Court with the power of *determining* the election of a member of the assembly."

If, then, the legislature intended by the act of 1930 to give the Circuit Court the power of *finally judicially determining the election of a member of the senate* (which of course it did not) that purpose failed because of the constitutional provision referred to.

It is plain, we think, that the legislature intended, when it enacted article 26 of the act of 1930, that the power to finally determine the election of a senator should remain where it is placed by the constitution. As was said by Chief Justice Beasley in *Conger* v. *Convery,* 52 *N. J. L.* 417; 20 *Atl. Rep.* 166; *affirmed,* 53 *N. J. L.* 658; 24 *Atl. Rep.* 1002: "The procedure which it [a similar act] establishes is to be regarded simply as a part of the apparatus for organizing government, by supplying it temporarily, and in view of a pressing public necessity, with its necessary members. In its purpose and nature it is similar to the judges of election and the county canvassers. It may, in fact, be said to be a supplement to such machinery. * * * This construction excludes, of course, the idea that the procedure has any *conclusive effect,* and regarding it in this light, it appears to be, in a constitutional point of view, unobjectionable, at least so far as it is employed merely as an electoral adjunct."

The duties of the Circuit Court in carrying out the provisions of article 26 of the act are therefore ministerial, and are employed as an electoral adjunct. No doubt the Circuit Court will so limit its activities. Of course if it should exceed its true powers its action would be subject to review and annulment by the senate, and by appeal as provided for by the act itself, and otherwise.

In such circumstances we decline to grant a writ of prohibition, even if we were to assume that the use of such writ is recognized in the jurisprudence of this state. In this connection we point out that the writ of prohibition, so far as our cases disclose, has seldom been granted in this state. In *State* v. *Price,* 8 *N. J. L.* 358, and *Ruh* v. *Frambach, supra,* the writ was applied for and denied. No doubt one reason for the apparent disinclination to use the writ of prohibition in this state is that under our system of law other complete remedies generally exist, as in the present case; and the general rule is that ordinarily prohibition will be denied where other remedies exist which, if availed of, would afford complete and adequate relief. See cases collected in 30 *C. J.* 682.

The writ will be denied.